UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

SHEILA EVERETT,

                        Plaintiff,

v.                                               Civil Action No. _____

PORTFOLIO RECOVERY ASSOCIATES, LLC.,

                        Defendant.

---

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. INTRODUCTION

1. This is an action for actual and statutory damages brought in response to Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices and the Telephone Consumer Protection Act of 1991 (hereinafter referred to as the "TCPA").

### II. JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper in this district under 28 U.S.C. §1391(b) in that the Defendant transacts business here and the conduct complained of occurred here.

### III. PARTIES

4. Plaintiff, Sheila Everett, is a natural person residing in the County of Monroe and State of New York and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

5. Defendant, Portfolio Recovery Associates, LLC., (hereinafter "PRA") is a foreign limited liability corporation organized and existing under the laws of the State of Delaware and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

6. Defendant regularly attempts to collect debts alleged to be due another.

7. That at all times relevant herein, Defendant owned, operated and/or controlled "customer premises equipment" as defined by the TCPA, 47 U.S.C.§153(14), that originated, routed, and/or terminated telecommunications.

8. That at all times relevant herein, Plaintiff was and is a "person" as defined by the TCPA, 47 U.S.C.§153(32).

9. That at all times relevant herein, Defendant has used the United States mail service, telephone, telegram and other instrumentalities of interstate and intrastate commerce to attempt to collect consumer debt allegedly owed to another.

10. That Defendant, at all times relevant herein, engaged in "interstate communications" as that term is defined by the TCPA, 47 U.S.C.§153(22).

11. That Defendant, at all times relevant herein, engaged in "telecommunications" as defined by the TCPA, 47 U.S.C.§153(43).

12. That Defendant, at all times relevant herein, used, controlled and/or operated "wire communications" as defined by the TCPA, 47 U.S.C.§153(52), that existed as instrumentalities of interstate and intrastate commerce.

13. That Defendant, at all relevant times herein, used, controlled and/or operated "automatic telephone dialing systems" as defined by the TCPA, 47 U.S.C.§227(a)(1) and 47 C.F.R. 64.1200(f)(1).

14. The acts of the Defendant alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

15. All references to "Defendant" herein shall mean the Defendant or an employee of said Defendant.

## IV. FACTUAL ALLEGATIONS

16. That Plaintiff allegedly incurred a debt. This debt will be referred to as "the subject debt."

17. That the subject debt arose out of a transaction in which money, services or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes. As such, said debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5).

18. That Plaintiff thereafter allegedly defaulted on the subject debt.

19. That upon information and belief, Defendant, acquired the subject debt sometime subsequent to Plaintiff's alleged default.

20. That the Defendant began calling the Plaintiff on her cellular telephone in or about August 2020 in an attempt to collect on the subject debt.

21. That the Defendant initiated multiple telephone calls to Plaintiff's cellular telephone using an automated telephone dialing system and/or transmitted prerecorded voice messages and/or transmitted messages using an artificial voice.

22. That Plaintiff never provided her prior express consent to the Defendant to receive telephone calls from them to her cellular telephone.

23. That upon Plaintiff answering the calls from the Defendant, there would be few second pause and then a live representative would come on the line. The Defendant would then ask the Plaintiff to confirm her identity.

24. Upon Plaintiff confirming her identify, she would then ask the Defendant what they are calling in regards to but the Defendant would not identify the name of the company or state the reason for their calls.

25. During the aforementioned calls, Defendant also did not give the required mini Miranda warning to the Plaintiff.

26. That during the first few conversations, Plaintiff asked the Defendant to stop calling her and even asked to be placed on a do not call list.

27. That despite her instructions, the Defendant continued to call the Plaintiff on her cellular telephone.

28. That during the times that Plaintiff did not pick up the call, her caller ID would show missed call from Portfolio.

29. Many if not all of the above-mentioned telephone calls were made using an automatic dialing system as defined by the TCPA and/or transmitted prerecorded voice messages and/or transmitted messages using an artificial voice.

30. Despite Plaintiff not providing express consent to the Defendant to receive calls to her cellular telephone by an ATDS, Defendant knowingly and deliberately called Plaintiff on her cellular telephone using an automatic dialing system as defined by the TCPA.

31. Plaintiff never received a 30-day validation notice from the Defendant within five days of the initial communication.

32. The above-described collection conduct by Defendant in its efforts to collect this alleged debt from Plaintiff were oppressive, deceptive, misleading, unfair and illegal communications in an attempt to collect this alleged debt, all done in violation of numerous and multiple provisions of the FDCPA.

33. These collection actions taken by Defendant, and the collection employees employed by Defendant, were made in violation of multiple provisions of the FDCPA, including but not limited to all of the provisions of those laws cited herein.

34. These violations by Defendant were knowing, willful, negligent and/or intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violations.

35. Defendant's collection efforts with respect to this alleged debt from Plaintiff caused Plaintiff to suffer concrete and particularized harm because the FDCPA provides Plaintiff with the legally protected right to be treated fairly and truthfully with respect to any action for the collection of any consumer debt.

36. Defendant's deceptive, misleading and unfair representations with respect to its collection effort were material misrepresentations that affected and frustrated Plaintiff's ability to intelligently respond to Defendant's collection efforts because Plaintiff could not adequately respond to the Defendant's demand for payment of this debt.

37. That the calls made by the Defendant rendered Plaintiff's telephone unavailable to receive incoming calls or to otherwise use during the unwanted calls.

38. That Plaintiff was annoyed and upset over receiving the above calls from the Defendant.

39. That the Plaintiff never received any correspondence from the Defendant within 5 days of the first time Defendant contacted the Plaintiff on her cellular telephone.

40. That as a result of Defendant's acts Plaintiff became nervous, upset, anxious, and suffered from emotional distress.

## V. COUNT ONE
(Fair Debt Collection Practices Act
and 15 U.S.C. §1692 et seq.)

41. Plaintiff repeats, re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 40 above.

42. The conduct of Defendant as described in this complaint violated the Fair Debt Collection Practices Act (15 U.S.C. § 1692 et seq.) as follows:

    A. Defendant violated 15 U.S.C. §1692d and 15 U.S.C. §1692d (5) by causing Plaintiff's telephone to ring repeatedly and engaging conduct the natural consequence of which is to harass, oppress, or abuse while attempting to collect the subject debt.

    B. Defendant violated 15 U.S.C. §1692d(6) by failing to disclose the name of their company when calling an speaking with the Plaintiff.

    C. Defendant violated 15 U.S.C. § 1692e(11), and 15 U.S.C. by falling to recite the mini Mirada warning when calling and speaking with the Plaintiff.

4

   D. Defendant violated 15 U.S.C. § 1692g by failing to send a 30 day validation notice within five days of the initial communication.

43. That as a result of the Defendant's FDCPA violations as alleged herein, Plaintiff became nervous, upset, anxious and suffered from emotional distress.

## VI. COUNT TWO
### (Telephone Consumer Protection Act of 1991 and 47 C.F.R.64.1200, et seq.)

44. Plaintiff repeats, realleges and incorporates by reference the preceding and succeeding paragraphs in this complaint as if each of them was reprinted herein below.

45. The Defendant at all times material and relevant hereto, unfairly, unlawfully, intentionally, deceptively and/or fraudulently violated the TCPA, 47 U.S.C.§227, et seq. and 47 C.F.R.14.1200, et seq. and TCPA, 47 U.S.C.§227(b)(1)(A)(iii) by initiating telephone calls to Plaintiff's cellular telephone using an automated telephone dialing system and/or using an artificial and/or prerecorded voice to deliver messages without having the consent of Plaintiff to leave such messages.

46. The acts and/or omissions of the Defendant at all times material and relevant hereto, as described in this Complaint, were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

47. The acts and/or omissions of the Defendant at all times material and relevant hereto, as described in this Complaint, were not acted or omitted pursuant to 47 C.F.R.§64.1200(f)(2).

48. As a causally-direct and legally proximate result of the above violations of the TCPA, the Defendant at all times material and relevant hereto, as described in this Complaint, caused the Plaintiff to sustain damages as a result of their innumerable telephone calls that harassed, annoyed and abused Plaintiff, and disturbed her peace and tranquility at home and elsewhere.

49. As a causally-direct and legally proximate result of the above violations of the TCPA, the Defendant at all times material and relevant hereto, as described in this Complaint, caused the Plaintiff to sustain damages and experience emotional distress.

50. As a causally-direct and legally proximate result of the above violations of the TCPA, the Defendant at all times material and relevant hereto, as described in this Complaint, is liable to actual damages, statutory damages, treble damages, and costs and attorneys' fees.

51. Plaintiff received multiple telephone calls from an automatic telephone dialing system and/or an artificial and/or prerecorded voice entitling Plaintiff to Five Hundred Dollars and No Cents ($500.00) for each artificial and/or prerecorded telephone call pursuant to the TCPA, 47 U.S.C.§227(b)(3)(B).

52. The Defendant caused said telephone calls of an artificial and/or prerecorded nature to be placed willfully and/or knowingly entitling each Plaintiff to a maximum of treble damages, pursuant to TCPA, 47 U.S.C.§227(b)(3)

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against the Defendant for:

(a) Actual damages;

(b) Statutory damages for pursuant to 15 U.S.C. § 1692k.

(c) Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

(d) For such other and further relief as may be just and proper.

## VI. JURY DEMAND

Please take notice that Plaintiff demands trial by jury in this action.

Dated: February 11, 2021

/s/ Seth J. Andrews
Seth J. Andrews, Esq.
Law Offices of Kenneth Hiller, PLLC
*Attorneys for the Plaintiff*
6000 North Bailey Ave., Suite 1A
Amherst, NY 14226
(716) 564-3288
Email: sandrews@kennethhiller.com